**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**CASE NO:**

**TERESA BECKER,**

       **Plaintiff,**

**vs.**

**PHYSICIANS' PRIMARY**
**CARE OF**
**SOUTHWEST FLORIDA, P.L,**
**a Florida Limited Liability**
**Company,**

       **Defendant.**

_____ /

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**DECLARATORY RELIEF REQUESTED**

COMES NOW, the Plaintiff, TERESA BECKER ("Ms. Becker" or "Plaintiff"), by and through her undersigned counsel, and sues the Defendant, PHYSICIANS' PRIMARY CARE OF SOUTHWEST FLORIA, P.L., ("PPC" or "Defendant") and alleges the following:

1.    Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount

as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101, *et seq.*

3. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1331 as they arise under 29 U.S.C. § 2601, *et seq.*

4. This court has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same set of operative facts and circumstances as her ADA claims.

5. This Court is the proper venue for Plaintiff's claims because, at all times material to this Complaint, Defendant conducts business in Lee County, Florida, and Plaintiff worked for Defendant in Lee County, Florida.

## PARTIES

6. Plaintiff is an individual who, at all times relevant, worked for Defendant in Lee County, Florida.

7. Defendant is a Florida limited liability company that operates and conducts substantial business in Lee County, Florida, and is therefore within the jurisdiction of this Court.

2

8.   Plaintiff is protected by the ADA and the FCRA, because:

a.   She suffers from disabilities; and

b.   She suffered an unlawful and retaliatory termination based on her status as a disabled individual, for requesting reasonable accommodations, and for her objections to disability discrimination.

9.   Defendant was at all material times an "employer" as defined by the ADA and FCRA as it employed in excess of fifteen (15) employees.

10.   At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

11.   At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## CONDITIONS PRECEDENT

12.   In or around March, 2024, Plaintiff timely filed a Charge of

3

Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

13. On October 7, 2024, the EEOC sent plaintiff a Notice of Right to Sue, giving Plaintiff the right to bring a civil action regarding this claim.

14. More than 180 days have passed since the filing of this charge.

15. Plaintiff files this action timely, within the applicable period of limitations.

16. All conditions precedent to this action have been satisfied and/or waived.

## STATEMENT OF FACTS

17. Plaintiff worked for Defendant as a Payment Posting Associate from January 24, 2023, until her termination on February 14, 2024.

18. In August, 2023, Plaintiff's manager, Penny, retired and was replaced by a new manager named Kristi.

19. Plaintiff informed her new manager, Kristi, that Plaintiff has been going through testing to diagnose a neurological condition.

20. Defendant's main work area was very noisy, and caused Plaintiff to be unable to perform her work tasks.

21. Therefore, Plaintiff made a request for a reasonable accommodation pursuant to her disability to be relocated to a different area of the office, where she can work with less auditory noise.

4

22. Initially, Defendant was amendable to Plaintiff's request for accommodations, and relocated Plaintiff to the mail room at the end of August, 2023.

23. The mail room was quiet and free from auditory distraction, and Plaintiff was meeting all standards in terms of productivity and business goals.

24. In January of 2024, however, Defendant suddenly removed these accommodations, notifying Plaintiff that she will be moved back to the main work area in order to train a newly hired Payment Posting Associate.

25. Understanding that there was plenty of space in the mail room for a second Payment Posting Associate, Plaintiff approached her manager, Kristi, and an HR representative, named Melissa, in order to work out a compromise or accommodation.

26. However, Kristi and Melissa dismissed Plaintiff's request without engaging in any further discussion.

27. Predictably, with no accommodation to suit her disability, Plaintiff's performance began to decline.

28. At the beginning of February 2024, having received no accommodation from Defendant, Plaintiff purchased a set of noise-cancelling headphones to wear while she worked.

29. Immediately afterwards, Kristi, who had allowed radios and headphones to be worn on the floor previously, abruptly decided to ban all radios and headphones.

5

30.     Not only did Defendant fail to engage in the interactive process with Plaintiff, but Defendant purposely changed the rules in order to target Plaintiff.

31.     On February 6, 2024, Plaintiff sent an email to HR representative Melissa, requesting FMLA forms for intermittent leave, as Plaintiff suffered from body myopathy, and she needed intermittent leave in order to attend doctor's appointments and treat her serious condition.

32.     On February 8, 2024, Melissa sent the forms to Plaintiff, however, the wheels for Plaintiff's dismissal were already set in motion.

33.     About a week later, Plaintiff was terminated from her employment with Defendant.

34.     It is clear that Defendant discriminated against Plaintiff based on her disabilities.

35.     Any other "reason" theorized after the fact by Defendant for Defendant's termination of Plaintiff's employment is pure pretext.

36.     Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for its actions.

37.     The timing of Plaintiff's disclosure of her disabilities, her requests for accommodation, and Defendant's discharge of Plaintiff, creates a very close, near-immediate temporal proximity between the events.

38.     Plaintiff's health conditions are considered protected disabilities under

the ADA and the FCRA.

39.     The facts surrounding Plaintiff's discharge create a strong inference of disability discrimination and retaliation in violation of the ADA and the FCRA.

40.     Defendant was aware of Plaintiff's ADA- and FCRA-protected medical conditions and her need for accommodation.

41.     Defendant, however, being well aware of Plaintiff's disability, discriminated against Plaintiff for suffering a disability, and terminated Plaintiff in retaliation for her requests for accommodation.

42.     At all material times hereto, Plaintiff was ready, willing and able to perform her job duties.

43.     In the alternative, Defendant perceived/regarded Plaintiff as disabled based on the disclosure of her medical conditions, and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could in fact perform same with or without reasonable accommodation.

44.     Defendant's reason for discharging Plaintiff is direct evidence of its intent to insulate its workplace from a disabled employee, or an employee whom Defendant perceived/regarded as disabled, in violation of the ADA.

45.     Defendant's termination of Plaintiff constitutes an adverse action as defined by the ADA.

46.     At all times material hereto, Plaintiff was ready, willing and able to

perform her job duties with or without reasonable accommodation.

47.    Despite the availability of a reasonable accommodation under the ADA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff would not have been prevented by her medical conditions from completing the assigned job duties, Defendant discriminated against Plaintiff based on her disabilities and need for medical treatment/accommodation, and terminated Plaintiff in retaliation for her requests for accommodation.

48.    By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions, or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

49.    Pleading in the alternative, Plaintiff's impairments did not substantially limit a major life activity, but were treated by Defendant as if they did.

50.    Pleading in the alternative, Plaintiff's medical conditions constituted impairments that limited a major life activity only because of Defendant's attitude toward the impairments.

51.    Defendant does not have a non-discriminatory, non-retaliatory rationale for allowing and participating in the discrimination suffered by Plaintiff.

52.    Any reason provided by Defendant for its termination of Plaintiff is a pretext and cover-up for illegal discrimination and retaliation.

53.    Plaintiff was a disabled individual, or otherwise perceived as disabled by

Defendant. Therefore, she is a member of a protected class as envisioned by the ADA and the FCRA.

54. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately was discharged, because of her disability and/or "perceived disability."

55. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

56. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her or her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

57. Defendant interfered with, and ultimately retaliated against, Plaintiff because she suffered a serious health condition, requested reasonable accommodation in order to treat and address same, and because she objected to discrimination and retaliation.

58. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

9

59. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her engaging in protected activity under the FMLA.

60. Defendant's adverse employment action recounted herein was taken in interference with, and retaliation for, Plaintiff disclosing her serious health condition, and requiring time off to treat same.

61. As a result of Defendant's unlawful, discriminatory, and retaliatory termination of Plaintiff, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

62. Plaintiff has suffered damages as a result of Defendant's conduct, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

63. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

64. Plaintiff realleges and reincorporates the allegations contained in paragraphs 1 through 57 of the Complaint, above, as if fully set forth in this Count.

65. In order to state a prima facie case for disability discrimination, a Plaintiff must prove (1) Plaintiff has a disability; (2) Plaintiff is a qualified

10

individual, and (3) Plaintiff was subjected to unlawful discrimination resulting from the disability. *See Gordon v. E.L. Hamm & Associates, Inc.*, 100 F.3d 907, 910 (11th Cir. 1996).

66. Plaintiff suffered from a neurological disorder which made her sensitive to auditory noise, and suffered from body myopathy which required intermittent time off.

67. This physical impairment substantially limited Plaintiff from performing major life activities.

68. Plaintiff was a qualified individual because, with reasonable accommodations, Plaintiff was capable of performing the essential tasks of her job.

69. As a result of Plaintiff's disability occurring, Defendant terminated Plaintiff's employment.

70. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

71. The discrimination to which Plaintiff was subjected was based on her disabilities, or Defendant's perception that Plaintiff was disabled.

72. Defendant unlawfully terminated Plaintiff based on her medical conditions and disabilities, and/or perceived disabilities, and her requests for accommodation.

73. Plaintiff has suffered damages as a result of Defendant's illegal conduct

11

toward her.

74. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

75. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

76. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II: DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITIES

77. Plaintiff realleges and readopts the allegations contained in paragraphs 1 through 57 as if fully set forth in this Count.

78. The FRCA has the same framework for stating a prime facie case for discrimination. *See Lenard v. A.L.P.H.A. "A Beginning" Inc.*, 945 So. 2d 618, 621 (Fla. 2d DCA 2006)

79. Plaintiff suffered from a neurological disorder which made her

12

sensitive to auditory noise, and suffered from body myopathy which required intermittent time off.

80. This physical impairment substantially limited Plaintiff from performing major life activities.

81. Plaintiff was a qualified individual because, with reasonable accommodations, Plaintiff was capable of performing the essential tasks of her job.

82. As a result of Plaintiff's disability occurring, Defendant terminated Plaintiff's employment.

83. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination in violation of the FCRA.

84. The discrimination to which Plaintiff was subjected was based on her disabilities, or Defendant's perception that Plaintiff was disabled.

85. Defendant unlawfully terminated Plaintiff based on her medical conditions and disabilities, and/or perceived disabilities, and her requests for accommodation.

86. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

87. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

13

88.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Fla. Stat.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III: RETALIATION UNDER THE ADA BASED ON DISABILITY

89.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 57 of the Complaint, above, as if fully set forth in this Count.

90.     "To establish a *prima facie* case of retaliation, a plaintiff must show: (1) statutorily protected expression; (2) an adverse employment action; and (3) a causal link between the protected expression and the adverse action." *Smith v. Miami-Dade Cnty.*, 21 F. Supp. 3d 1286, 1290 (S.D. Fla. 2014), aff'd, 621 Fed. Appx. 955 (11th Cir. 2015) (quoting *Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1287 (11th Cir.1997)).

91.     Plaintiff engaged in statutorily protected expression by requesting the reasonable accommodation of medical assistance and a small amount of time off to heal from her disability.

92.     Instead, Defendant terminated Plaintiff for these requests.

14

93. Plaintiff was terminated within very close temporal proximity of her disclosure of her disabilities and her requests for accommodation.

94. Plaintiff's disclosures, requests for accommodation, and her termination are causally related.

95. Defendant's stated reasons for Plaintiff's termination are a pretext.

96. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

97. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

98. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

99. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

## COUNT IV: RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

100. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 57 as if fully set forth in this Count.

101.   To state a *prima facie* case of retaliation under the FCRA, similar to the ADA, a plaintiff must show: "(1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) there was a causal link between the protected expression and adverse action." *Gombosh v. Univ. of Miami*, 21-23525-CIV, 2022 WL 18584337, at *6 (S.D. Fla. Mar. 8, 2022)

102.   Plaintiff engaged in statutorily protected expression by requesting the reasonable accommodation of medical assistance and a small amount of time off to heal from her disability.

103.   Instead, Defendant terminated Plaintiff for these requests.

104.   Plaintiff was terminated within very close temporal proximity of her disclosure of her disabilities and her requests for accommodation.

105.   Plaintiff's disclosures, requests for accommodation, and her termination are causally related.

106.   Defendant's stated reasons for Plaintiff's termination are a pretext.

107.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

108.   The conduct of Defendant was so willful, wanton, and in reckless

16

disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

109. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Fla. Stat.

110. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for damages, including punitive damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), FLA. STAT.; provide any additional relief that this Court deems just.

## COUNT V: INTERFERENCE UNDER THE FMLA

111. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 38, 57 through 62 as if fully set forth in this Count.

112. At all times relevant hereto, Plaintiff was protected by the FMLA.

17

113. At all times relevant hereto, Defendant interfered with Plaintiff by failing to advise Plaintiff of her rights and responsibilities under the FMLA.

114. At all times relevant hereto, Defendant harassed Plaintiff for her use of FMLA leave forcing Plaintiff to not take FMLA leave as medically necessary out of fear of retaliation.

115. Defendant denied Plaintiff FMLA benefits she was otherwise entitled to.

116. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

117. As a result of Defendant' willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

118. As a result of Defendant' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT VI: RETALIATION UNDER THE FMLA

119. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 38, 57 through 62 as if fully set forth in this Count.

18

120. At all times relevant hereto, Plaintiff was protected by the FMLA.

121. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use or attempted use of FMLA-protected leave, and for objecting to retaliation.

122. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

123. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

124. As a result of Defendant' intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

125. As a result of Defendant' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

19

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on this 3rd day of January, 2025.

**By:** *Noah E. Storch*
Noah Storch, Esq.
Florida Bar No. 0085476
    RICHARD CELLER LEGAL, P.A.
7951 SW 6th Street, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorney for the Plaintiff*